68 F.3d 484
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff--Appellee,
v.
Christopher Columbus LEWIS, Defendant--Appellant.
 No. 95-3186.
 D.C. No. 94-3249-DES.
 United States Court of Appeals, Tenth Circuit.
 Oct. 10, 1995.
 
 ORDER AND JUDGMENT[1]
 Before TACHA, LOGAN and KELLY, Circuit Judges.[2]
 
 
 1
 Defendant-appellant Christopher Columbus Lewis, an inmate appearing pro se, appeals the district court's denial of his motions for reconsideration and to vacate, set aside or correct his sentence. We exercise jurisdiction under 28 U.S.C. 1291 and affirm the court's April 14, 1995 denial of Mr. Lewis's motion for reconsideration. However, we vacate the court's May 19, 1995 order dismissing Mr. Lewis's motion to correct his sentence and remand for proceedings consistent with this order and judgment.
 
 
 2
 In 1992, Mr. Lewis was found guilty of five drug-related felonies and sentenced to 300 months in prison. The Tenth Circuit affirmed his conviction and sentence. United States v. Lewis, 24 F.3d 79 (10th Cir.), cert. denied, 115 S.Ct. 271 (1994). Because of past drug convictions, Mr. Lewis qualified as a career offender under U.S.S.G. 4B1.1 and his sentence was enhanced accordingly. Mr. Lewis filed a motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. 2255, which was denied by the district court. We subsequently affirmed this decision. United States v. Lewis, No. 95-3010, 1995 WL 511135 (10th Cir. Aug. 30, 1995). He then filed a motion for reconsideration, asserting that amended commentary to U.S.S.G. 4B1.1 (Amendment 506), made retroactive by U.S.S.G. 1B1.10, entitled him to a sentence modification. The district court correctly denied Mr. Lewis' motion for failure to comply with the 10-day time limit imposed by Fed.R.Civ.P. 59(e). Thereafter Mr. Lewis filed the present motion pursuant to 18 U.S.C. 3582(c) to vacate, set aside or correct his sentence.
 
 
 3
 Construing this pro se pleading liberally, see Haines v. Kerner, 404 U.S. 519, 520 (1972) (per curiam), we view it as one seeking relief pursuant to 28 U.S.C. 2255. We have held that "the preferred practice in summarily dismissing a 2255 motion is to enumerate the issues raised by the prisoner, and explain the reasons for that action." United States v. Marr, 856 F.2d 1471, 1472 (10th Cir.1988). The district court treated Mr. Lewis' motion as a successive petition and dismissed it under Rule 9(b) of the Rules Governing Section 2255 Proceedings. Rule 9(b) states that "[a] second or successive motion may be dismissed if the judge finds that it fails to allege new or different grounds...." Rules Governing Section 2255 Proceedings 9(b). Given Mr. Lewis's claims that a later amendment to the Sentencing Guidelines applies to him, we lack a sufficient record to review the district court's action and will return the matter to the district court for further proceedings.
 
 
 4
 We express no view on the merits of Mr. Lewis's claim. We AFFIRM the district court's April 14, 1995 order (doc. 128) and VACATE the district court's May 19, 1995 order (doc. 130) and REMAND.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order. 151 F.R.D. 470 (10th Cir.1993)
 
 
 [2]
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The cause therefore is ordered submitted without oral argument