UNITED STATES COURT OF APPEALS
**Filed 5/2/96**TENTH CIRCUIT

_____

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff-Appellee, | ) |
| | ) |
| v. | ) No. 95-3417 |
| | ) (D.C. No. 94-3249-DES) |
| | ) (D. Kan.) |
| CHRISTOPHER COLUMBUS LEWIS, | ) |
| | ) |
| Defendant-Appellant. | ) |

_____

ORDER AND JUDGMENT[*]
_____

Before TACHA, BALDOCK, and BRISCOE, Circuit Judges.
_____

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

In 1992, Christopher Columbus Lewis was found guilty of five drug-related felonies, and his conviction was affirmed by this court. United States v. Lewis, 24 F.3d 79 (10th Cir.), cert. denied 115 S. Ct. 271 (1994). His motion to vacate, set aside, or correct his sentence was dismissed as untimely, and the district court's decision was affirmed by this court. United States v. Lewis, No. 95-3010, 1995 WL 511135 (10th Cir. August 30, 1995). Lewis filed another motion to vacate, set aside, or correct his sentence.

_____

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of Tenth Cir. R. 36.3.

The district court treated it as a successive petition and dismissed. This court affirmed the denial of Lewis' motion for reconsideration, vacated the order of dismissal, and remanded to the district court for further proceedings. United States v. Lewis, No. 95-3186, 1995 WL 597199 (10th Cir. October 10, 1995). In that order and judgment, we stated that "[b]ecause of past drug convictions, Mr. Lewis qualified as a career offender under U.S.S.G. § 4B1.1 and his sentence was enhanced accordingly." We remanded Lewis' claim that a later amendment to the commentary to U.S.S.G. § 4B1.1 (Amendment 506) had retroactive application to his sentence.

On remand, the district court determined Lewis was not sentenced as a career offender and § 4B1.1 did not apply to him. The court denied the motion.

In the present appeal, Lewis contends since his sentence was enhanced from 240 months to 360 months, he was deemed a career offender, and cites our prior order and judgment as support for this conclusion. He argues he is entitled to a sentence reduction under the retroactivity provisions of U.S.S.G. § 1B1.10.

Prior to Lewis' sentencing, the government filed a sentence enhancement information based on *one* prior felony drug conviction, which subjected Lewis to a mandatory minimum sentence of 20 years and a maximum sentence of life imprisonment under 21 U.S.C. § 841(b)(1)(A). U.S.S.G. § 4B1.1 provides in pertinent part: "A defendant is a career offender if . . . (3) the defendant has at least *two* prior felony convictions of either a crime of violence or a controlled substance offense." (Emphasis added.) Contrary to the statement made in our prior opinion, Lewis did not qualify as a career offender under U.S.S.G. § 4B1.1 and was not sentenced as a career offender.

Based upon our review of the record, we find no reversible error and affirm the

2

denial of Lewis' motion for substantially the same reasons set forth in the district court's order.

AFFIRMED.  The mandate shall issue forthwith.

Entered for the Court

Mary Beck Briscoe
Circuit Judge