UNITED STATES of America, Appellee,

v.

Tyrone J. KELLY, Appellant.

No. 78-1212.

United States Court of Appeals,
Eighth Circuit.

Submitted July 12, 1978.

Decided July 18, 1978.

Tyrone Jerome Kelly, pro se.

Robert D. Kingsland, U.S. Atty., and Mark A. Helfers, Asst. U.S. Atty., St. Louis, Mo., on brief, for appellee.

Before LAY, BRIGHT and ROSS, Circuit Judges.

PER CURIAM.

Petitioner is a federal prisoner presently incarcerated upon his 1975 conviction for aiding and abetting the commission of a bank robbery. *United States v. Kelley*, 526 F.2d 615 (8th Cir. 1975), *cert. denied*, 424 U.S. 971, 96 S.Ct. 1471, 47 L.Ed.2d 739 (1976). In this action for § 2255 relief,

petitioner asserts three grounds for vacating his conviction:

(1) Petitioner was absent from a portion of the jury selection proceedings;

(2) The court reporter erred in transcribing certain of the trial testimony;

(3) Counsel rendered ineffective assistance in failing to attack the above two errors.

The sentencing court[1] denied relief without a hearing, and petitioner has taken this appeal.

 In his § 2255 petition, Kelly alleged that he was absent from the jury selection process for some of the peremptory challenges and the final impaneling and swearing in of the jury. The sentencing court referred to its own notes and recollection of the proceedings. The notes affirmatively recorded that the defendant was present; this record was in accord with the court's personal remembrance. Petitioner supplied nothing other than his personal recollection to the contrary. The court did not err in holding that its prior familiarity with the criminal trial enabled it to conclusively resolve the factual issued raised by petitioner. *See Machibroda v. United States*, 368 U.S. 487, 495, 82 S.Ct. 510, 7 L.Ed.2d 473 (1962).

 Likewise the court did not err in rejecting petitioner's contention that there was an error in the transcription of the testimony of government witness Roberson. In the separate trial of a codefendant held several days after the Kelly trial, Roberson testified (according to the trial transcript in that proceeding) identically to his transcribed testimony in the Kelly proceeding. The sentencing court properly reasoned that Roberson's testimony had been the same in both trials and thus that there had been no transcript error.

Petitioner's remaining contention of ineffective assistance of counsel must fail, since there is no merit to the allegations of error upon which the contention is premised.

The judgment is affirmed on the basis of the sentencing court's memorandum opinion.

---

1. The Honorable H. Kenneth Wangelin, United States District Judge for the Eastern District of Missouri.