**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Michael Earl SCULLY,
Defendant-Appellant.**

No. 85–2694.

United States Court of Appeals,
Tenth Circuit.

Aug. 12, 1986.

---

Michael Earl Scully, pro se.

Robert N. Miller, U.S. Atty., and Frederic S. Stephens, Asst. U.S. Atty., Denver, Colo., for plaintiff-appellee.

Before McKAY, SETH and TACHA, Circuit Judges.

PER CURIAM.

In accordance with 10th Cir.R. 9(e) and Fed.R.App.P. 34(a), this appeal came on for consideration on the briefs and record on appeal.

Michael Earl Scully (appellant) appeals an order of the United States District Court for the District of Colorado denying his motion to vacate sentence pursuant to 28 U.S.C. § 2255. We accept the district court's liberal construction of appellant's pro se pleadings as contending that he was denied the effective assistance of counsel before and during plea bargaining, his guilty plea was not voluntary, and there was no factual basis for his guilty plea. Appellant also made a purely legal argument that the district court could not order restitution to appellant's victims as part of his sentence because there is no "lawful money" in the United States.

As construed, appellant's motion contains a factual challenge to the voluntariness of his plea. There is no indication in the district court's order, however, that the court reviewed any of the records in this case before concluding that appellant's plea was voluntary and that his counsel was competent. Neither is there any indication that the transcript was unavailable.

The Supreme Court has indicated that there are situations in the context of a § 2255 motion where a district court judge's "personal knowledge or recollection" may "completely resolve" a defendant's factual allegations. *Machibroda v. United States,* 368 U.S. 487, 495, 82 S.Ct. 510, 514, 7 L.Ed.2d 473 (1962). Appellate courts have approved a district court judge's reliance on his memory to rule on the merits of a § 2255 motion where he supplements the record with personal knowledge in situations where the record does not reflect one way or another whether a defendant's allegations have any validity. *See, e.g., United States v. Polselli,* 747 F.2d 356 (6th Cir.1984), *cert. denied,* —— U.S. ——, 105 S.Ct. 979, 83 L.Ed.2d 981 (1985) (judge relied on memory to find he had not relied on disputed portions of sentencing report in sentencing defendant); *United States v. Kelly,* 581 F.2d 152 (8th Cir.1978) (judge relied on his own notes and recollection of the proceedings to find that the defendant had been present during jury impaneling); *McKinney v. United States,*

487 F.2d 948 (9th Cir.1973) (judge relied on personal observation and recollection in ruling on competency challenge). *See also United States v. DiCarlo,* 575 F.2d 952 (1st Cir.), *cert. denied,* 439 U.S. 834, 99 S.Ct. 115, 58 L.Ed.2d 129 (1978); *Panico v. United States,* 412 F.2d 1151 (2d Cir.1969), *cert. denied,* 397 U.S. 921, 90 S.Ct. 901, 25 L.Ed.2d 102 (1970). *But see United States v. Masthers,* 539 F.2d 721 (D.C.Cir.1976) (trial judge may not rely on personal observation to rule defendant was competent at the time of his guilty plea).

■ The above cases make clear that a district court is permitted to rely on personal recollection in some circumstances. These cases, however, are distinguishable from the case before this court. Here, the district court apparently relied solely on recollection to make findings about the voluntariness of appellant's guilty plea and the effectiveness of his counsel. Where a record is available which would support or contradict a defendant's factual challenge to his conviction, the district court judge cannot rely solely on his own recollection of events to rule on the merits. On remand, the district court shall review the record to determine the voluntariness of appellant's guilty plea and the effectiveness of his counsel. This court states no opinion on the strength of appellant's case on the merits.

■ Finally, appellant asserted one purely legal argument in district court and on appeal. He argues that the district court could not order restitution as part of his sentence because there is no "lawful money" in the United States. This argument is without any legal merit. We find no error in the district court's denial of appellant's motion as it concerns the order of restitution.

The judgment of the United States District Court for the District of Colorado is AFFIRMED with respect to appellant's challenge to the order of restitution and VACATED with respect to appellant's challenge to his guilty plea and the effectiveness of his counsel and the cause is RE-MANDED for proceedings consistent with this order and judgment.

The mandate shall issue forthwith.