**UNITED STATES of America, Plaintiff–Appellee,**

v.

**James Sam MARR, Defendant–Appellant.**

No. 86–2770.

United States Court of Appeals, Tenth Circuit.

Sept. 8, 1988.

Ted A. Richardson, Asst. U.S. Atty., for the Western Dist. of Okl. (William S. Price, U.S. Atty. for the Western Dist. of Okl., with him on the briefs), for plaintiff-appellee.

Robert Tabor Booms of Reynard & Booms, P.C., Denver, Colo. for defendant-appellant.

James S. Marr, pro se.

Before HOLLOWAY, Chief Judge, McWILLIAMS, Senior Circuit Judge, and BRORBY, Circuit Judge.

BRORBY, Circuit Judge.

James Sam Marr was convicted after jury trial in federal court for conspiracy to distribute drugs in violation of 21 U.S.C. § 846. On direct appeal, this court affirmed his conviction, *sub nom. United States v. Killip*, 819 F.2d 1542 (10th Cir.), *cert. denied*, — U.S. —, 108 S.Ct. 186, 98 L.Ed.2d 139 (1987). Marr then moved to vacate his conviction and sentence pursuant to 28 U.S.C. § 2255, alleging ineffective assistance of counsel. The district court summarily denied Marr's motion and he appeals. We VACATE and REMAND for further proceedings.

Marr filed his § 2255 motion on October 24, 1986. Consistent with a determination of "some merit" to Marr's allegations, a United States Magistrate ordered the United States Attorney to file an answer to the allegations within twenty days of October 27, 1986. The docket sheet does not indicate that the United States Attorney filed the requested answer. On October 31, 1986, the district judge, who also presided at Marr's jury trial, summarily denied Marr's motion without evidentiary hearing and without findings of fact or conclusions of law, stating only: "The Motion to Vacate, Set Aside or Correct Sentence, filed herein by co-defendant, James Sampson Marr on October 24, 1986, is in all things DENIED."

Section 2255 provides that a federal prisoner who claims that his sentence was imposed in violation of the Constitution or the federal law may move the court to vacate, set aside, or correct the sentence. The statute continues:

> Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall cause notice thereof to be served upon the United States attorney, grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto. If the court finds ... that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack, the court shall vacate

and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate.

On appeal, Marr asserts the district court erred in summarily dismissing his § 2255 motion without conducting an evidentiary hearing on his claim of ineffective assistance of counsel.

We do not agree that an evidentiary hearing is required where the district court finds the case record conclusively shows the prisoner is entitled to no relief. *Hedman v. United States*, 527 F.2d 20 (10th Cir.1975). We must determine whether the files and records of this case conclusively show Marr is entitled to no relief.

In *United States v. Scully*, 798 F.2d 411 (10th Cir.1986), we concluded the district court's order denying relief upon a motion under 28 U.S.C. § 2255 for ineffective assistance of counsel, must indicate that the court reviewed the records in the case before concluding defendant's counsel was competent. Some situations may be resolved by the district court judge's personal knowledge or recollection. *Machibroda v. United States*, 368 U.S. 487, 495, 82 S.Ct. 510, 514, 7 L.Ed.2d 473 (1962). But in *Scully*, we stated:

> Here, the district court apparently relied solely on recollection to make findings about the voluntariness of appellant's guilty plea and the effectiveness of his counsel. Where a record is available which would support or contradict a defendant's factual challenge to his conviction, the district court judge cannot rely solely on his own recollection of events to rule on the merits.

*Id.* at 413. The district judge's order in this case fails to indicate whether he reviewed the files and records of the case or relied solely upon his recollection. The order gives us no basis for his decision which we can review.

The preferred practice in summarily dismissing a § 2255 motion is to enumerate the issues raised by the prisoner, and explain the reasons for that action. Such a disposition provides a basis for appellate

review of the dismissal of the motion that, standing alone, might arguably have some merit. This requirement of a reasoned decision, even though the district court denies a hearing, is consistent with the requirements of other circuits. *See e.g., United States v. Edwards,* 711 F.2d 633 (5th Cir. 1983); *United States v. Counts,* 691 F.2d 348 (7th Cir.1982); *Newfield v. United States,* 565 F.2d 203 (2d Cir.1977).

We emphasize that this opinion expresses no view on the merits of Marr's claim. We VACATE and REMAND only to give the district court an opportunity to enter appropriate findings.