42 F.3d 1407
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
James P. JOHNSON, Defendant-Appellant.
 No. 94-4156.
 United States Court of Appeals, Tenth Circuit.
 Dec. 7, 1994.
 
 Before MOORE, BARRETT and EBEL, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 
 1
 After examining the briefs and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); Tenth Cir. R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 James P. Johnson (Johnson), having been granted leave to proceed in forma pauperis, appeals from the district court's Order denying his Motion to Vacate, Set Aside, or Correct Sentence, pursuant to 28 U.S.C. 2255.
 
 
 3
 In order to facilitate our review, we grant the government's Motion to Supplement the Record on Appeal.
 
 Background
 
 4
 On October 11, 1989, Johnson was indicted by a federal grand jury of conspiracy and attempt to manufacture methamphetamine, 21 U.S.C. 841(a)(1) and 846 and 18 U.S.C. 2; and one count of carrying a firearm during a drug trafficking crime, 18 U.S.C. 924(c)(1). On March 20, 1990, Johnson entered a plea of guilty to one count of conspiracy to manufacture methamphetamine.
 
 
 5
 Prior to entry of Johnson's plea of guilty, the court conducted an extensive three day hearing on Johnson's and co-defendant's motion to dismiss the indictment based on outrageous governmental conduct. The district court denied the motion to dismiss.
 
 
 6
 After Johnson's plea, but prior to sentencing, his original counsel, Delano S. Findlay (Findlay), moved to withdraw as counsel on the grounds that he had failed to consider the impact the sentencing guidelines governing conspiracies would have on Johnson's sentence. Jerome H. Mooney was subsequently appointed to represent Johnson during sentencing.
 
 
 7
 Prior to sentencing, Johnson filed a motion to withdraw his guilty plea on the grounds that his plea was entered based upon his belief and advice of counsel, Findlay, that he had no available defenses. The district court denied Johnson's motion and sentenced him to 168 months in prison followed by a five year term of supervised release.
 
 
 8
 This court upheld the district court's denial of the motion to withdraw the plea. United States v. Johnson, 940 F.2d 1539 (10th Cir.1991) (Order and Judgment).
 
 
 9
 On March 1, 1993, Johnson filed a Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. 2255. The district court denied Johnson's motion, stating:
 
 
 10
 The court has considered the briefs submitted by the parties, including the additional arguments submitted by both sides with respect to the issue of a possible lesser included offense, and pursuant to D. Ut. 202(d), will rule on the motions based on the written memoranda of the parties without the assistance of oral argument.
 
 
 11
 * * *
 
 
 12
 * * *
 
 
 13
 [Johnson] does not present any evidence other than the conclusory assertions of his brief to indicate that knowledge of this possible lesser-included offense would have caused a different decision.
 
 Present Appeal
 
 14
 On appeal, Johnson contends that the district court erred in denying his 2255 motion without the benefit of an evidentiary hearing. In his motion, Johnson raised allegations of ineffective assistance of counsel at trial. Johnson argues that due to the fact that he alleged ineffective assistance of counsel, the district court should have held an evidentiary hearing in order to determine whether or not he was entitled to relief.
 
 
 15
 In reviewing a claim under 2255, we first consider whether a petitioner is entitled to relief if his allegations are proved; and second, whether the district court abused its discretion in refusing to hold an evidentiary hearing. United States v. Whalen, 976 F.2d 1346, 1348 (10th Cir.1992); Moore v. United States, 950 F.2d 656, 659 (10th Cir.1991). Johnson limits his appeal to the district court's failure to hold an evidentiary hearing.[2] Therefore, we are only concerned with the second issue as to whether the district court abused its discretion by denying Johnson's motion without an evidentiary hearing.
 
 
 16
 A district court may deny a 2255 motion without the benefit of an evidentiary hearing if the record conclusively shows that the movant is entitled to no relief. United States v. Marr, 856 F.2d 1471, 1472 (10th Cir.1988). When the district court denies relief upon a motion under 2255 for ineffective assistance of counsel without an evidentiary hearing, the order must "indicate that the court reviewed the records in the case before concluding defendant's counsel was competent." Id. Some situations may be resolved by the district court's personal knowledge or recollections, but the court may not rely solely on his or her own knowledge and recollections. Id.
 
 
 17
 In Marr, we recognized that the preferred practice is to enumerate the issues raised by the petitioner and explain the reasons for each action taken. In this case, the district court clearly related what sources in the record it relied on and why it denied each of Johnson's contention.
 
 
 18
 We hold that the district court did not abuse its discretion and affirm for substantially the reasons set forth in the district court's Order of March 24, 1994.
 
 
 19
 AFFIRMED.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 [2]
 Although Johnson's 2255 motion alleged (1) ineffective assistance of counsel; (2) failure to sentence under U.S.S.G. 2D1.1; and, (3) failure of the district court to consider mitigating factors at the time of sentencing, on appeal Johnson only addresses whether or not the district court erred in failing to grant an evidentiary hearing on the issue of ineffective assistance of counsel before denying his motion. By failing to raise the other issues on appeal, they are waived