66 F.3d 339
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Albert GROSSICH, Defendant-Appellant.
 No. 94-5167.
 United States Court of Appeals, Tenth Circuit.
 Aug. 31, 1995.
 
 Before SEYMOUR, Chief Judge, McKAY and HENRY, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Albert Grossich appeals the district court's denial of his motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. 2255. Mr. Grossich argues that the government violated his rights under Brady v. Maryland, 373 U.S. 83 (1963), by allegedly failing to disclose evidence of inducements offered to a prosecution witness, Harold Staples, for his testimony at Mr. Grossich's trial. Mr. Grossich also alleges that the district court violated his Sixth Amendment right to confront witnesses against him by refusing to allow Mr. Grossich's counsel the opportunity to examine a defense witness, S.A. Palumbo, or cross-examine Staples regarding any inducements offered to Staples by the prosecution for his testimony. Finally, Mr. Grossich argues that the district court abused its discretion by not holding an evidentiary hearing with regard to this motion. After thoroughly reviewing the record in this case, we affirm the decision of the district court for substantially the same reasons set out in its order.[2]
 
 
 3
 Prior to Mr. Grossich's trial, the court allowed him to conduct limited discovery. In response to Mr. Grossich's Motion to Disclose Inducements, Promises and Payments to prospective Government Witnesses, the government stated: "The government has not entered into any agreement, nor made any promises nor promise of payment with any government witness." Applts. App. Ex. C. Nevertheless, at Mr. Grossich's trial--held on February 27 to March 2 of 1989--his attorney attempted to elicit testimony from Palumbo regarding any agreements Staples had made with the government. The district court held a bench conference and asked Mr. Grossich's attorney what information he hoped to elicit from Palumbo if allowed to examine him on the subject. Mr. Grossich's counsel replied, "He will testify that [Staples] is [sic] a confidential informant for the FBI in the past, but he wasn't on this case, that he just came forward on this case." Id. Ex. A, at 3. Mr. Grossich's attorney further stated: "[T]hat is the only thing that I am going to establish." Id. The court ruled that Palumbo could not be questioned with regard to this issue. Mr. Grossich's attorney also did not raise the issue when cross-examining Staples. Mr. Grossich was thereafter convicted and sentenced to ninety days incarceration followed by a five-year term of probation. He never pursued a direct appeal from that conviction.
 
 
 4
 The following year, Staples was tried and convicted on an unrelated charge. During Staples's trial, the government stipulated that "Mr. Staples provided information to the FBI as a cooperative confidential source from May 2, 1988, to February 1, 1989, based on an immunity agreement," and that he "again provided information to the FBI as a cooperating confidential source during March to July of 1989." Applts. App. Ex. F. The government stipulated that Staples had been paid for his services. It is also clear from the stipulation that these cases were wholly unrelated to Mr. Grossich's case; they related to drug and bank robbery offenses, whereas Mr. Grossich was convicted of crimes involving an unauthorized wiretap.
 
 
 5
 Mr. Grossich subsequently filed his motion under 28 U.S.C. 2255 arguing that his Brady rights were violated by the government's failure to disclose evidence of inducements offered for Staples's testimony, and that his Sixth Amendment right to confront witnesses against him was violated because he was not allowed to examine Palumbo or cross-examine Staples with regard to these alleged inducements.
 
 
 6
 In Brady, the Supreme Court held that "the suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment." 373 U.S. at 87. "To establish a Brady violation, the defendant must establish: 1) that the prosecution suppressed evidence; 2) that the evidence was favorable to the accused; and 3) that the evidence was material." United States v. Hughes, 33 F.3d 1248, 1251 (10th Cir.1994).
 
 
 7
 Given these standards for proving a Brady violation, we agree with the district court that Mr. Grossich's 2255 motion must fail for a number of reasons. First, he has offered no evidence whatsoever that the government suppressed evidence. The government admitted that Staples had acted as a paid informant in cases unrelated to Mr. Grossich's case. Mr. Grossich never alleged that Staples was a paid informant in his case or that Staples had any other motive for testifying against him beyond Staples's decision to come forth on his own accord. Further, no new evidence has been presented in this 2255 motion that tends to show that Staples was induced to testify against Mr. Grossich. Staples's stipulation entered in his own trial was completely consistent with the government's account of Staples's law enforcement ties. We therefore agree with the district court that this information was not relevant to Mr. Grossich's trial and that Mr. Grossich's own knowledge of this information at his trial defeats any allegation that the government failed to supply it to him.
 
 
 8
 With regard to Mr. Grossich's allegation that his Sixth Amendment rights were violated because he was not allowed to examine Palumbo or cross-examine Staples about Staples's informant status in other cases, Mr. Grossich never attempted to cross-examine Staples or elicit testimony from Palumbo with regard to any inducements offered to Staples for his testimony in Mr. Grossich's case. The district court held that evidence of Staples's informant status in other cases was not relevant to Mr. Grossich's trial. Although "[t]he confrontation clause guarantees the right to effective cross-examination when attempting to show bias ... these rights are not unlimited." United States v. Young, 952 F.2d 1252, 1258 (10th Cir.1991). "[T]he trial court retains discretion to reasonably limit the scope of cross-examination." Id. Even if there was arguably marginal relevance to the evidence of Staples's informant status in other cases, the district court did not abuse its discretion by excluding this evidence, and we find no violation of the confrontation clause.
 
 
 9
 Finally, we believe that the record in this case conclusively shows that Mr. Grossich was not entitled to relief, see United States v. Marr, 856 F.2d 1471, 1472 (10th Cir.1988), the district court therefore did not abuse its discretion by denying his request for an evidentiary hearing.
 
 
 10
 The order of the district court denying Mr. Grossich's motion is therefore AFFIRMED.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order. 151 F.R.D. 470 (10th Cir.1993)
 
 
 [2]
 Although the parties never raised the issue, we note that Mr. Grossich failed to pursue a direct appeal in this case and then filed his motion under 2255 four years after his judgment of conviction. Because 2255 is not a substitute for a direct appeal, he "may not raise claims that were not presented on direct appeal unless he can show cause and prejudice resulting from the error." United States v. Cook, 45 F.3d 388, 392 (10th Cir.1995). We need not decide whether Mr. Grossich has made the requisite cause and prejudice showing in this case, however, because we agree with the district court that his claims must fail in any event