**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JAN 12 1998**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

  Plaintiff-Appellee,

v.

DWIGHT LEE ANDERSON,

  Defendant-Appellant.

No. 96-1379
(D.C. No. 96-B-115)
(D. Colo.)

**ORDER AND JUDGMENT**[*]

Before **BRORBY, EBEL** and **KELLY**, Circuit Judges.

  After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

  Defendant, Mr. Dwight Lee Anderson, appeals the denial of his motion for

---

  [*] This order and judgment is not binding precedent except under the doctrines of law of the case, *res judicata* and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

a reduction in the term of his imprisonment.[1]  We exercise jurisdiction pursuant to 28 U.S.C. § 1291 and affirm.

On May 14, 1992, Mr. Anderson pleaded guilty to possession with intent to distribute crack cocaine in violation of 21 U.S.C. § 841(a)(1), and possession of a firearm during and in relation to a drug trafficking offense in violation of 18 U.S.C. § 924(c).  Mr. Anderson made his plea pursuant to Federal Rule of Criminal Procedure 11(e)(1)(C).  He and the federal government agreed to a sentence of 135 months.  The district court sentenced Mr. Anderson to the agreed upon 135-month term.

Mr. Anderson pursued a direct appeal of his sentence.  This court affirmed his sentence on June 7, 1993.  Several years later, on January 18, 1996, he filed a "Motion to Vacate, Set Aside, Correct, Reconsider, Reverse and/or Reduce Sentence Pursuant to 28 U.S.C. Section 2255, 18 U.S.C. Section 3553, and *Bailey v. United States*" in the district court.  The district court denied the motion without providing Mr. Anderson an opportunity for an evidentiary hearing.

---

[1]  Because Mr. Anderson filed his § 2255 motion in the district court prior to the effective date of the Antiterrorism and Effective Death Penalty Act of 1996, a certificate of appealability is not required.  *See United States v. Kunzman*, 125 F.3d 1363, 1364 n.2 (10th Cir. 1997).

On appeal, Mr. Anderson challenges the district court's refusal to hold an evidentiary hearing to determine if his sentence should be reduced. He contends he is entitled to a reduction in his sentence because of a unique family situation that takes him out of the "heartland" of the cases considered by the sentencing guidelines.

When reviewing a denial of a § 2255 motion, we review the district court's legal rulings *de novo*, and its findings of fact for clear error. *See United States v. Cox*, 83 F.3d 336, 338 (10th Cir. 1996). A district court need not provide an evidentiary hearing when it is clear the defendant is not entitled to relief. *See* 28 U.S.C. § 2255; *United States v. Marr*, 856 F.2d 1471, 1472 (10th Cir. 1988).

The distinguishing feature of this appeal is that Mr. Anderson is asking the district court to reduce his sentence several years after its original sentence determination. Of critical importance to deciding if Mr. Anderson is entitled to the relief he seeks is his failure to allege any impropriety or error in the original sentence. This is not a collateral attack on the sentence originally imposed by the district court, it is a request to revisit the sentencing determination based on events that occurred after sentencing.

"A district court does not have inherent authority to modify a previously imposed sentence; it may do so only pursuant to statutory authorization." *United States v. Mendoza*, 118 F.3d 707, 709 (10th Cir.), *cert. denied*, 118 S. Ct. 393 (1997). Mr. Anderson offers 28 U.S.C. § 2255 as the statute authorizing the district court to modify his sentence. That section, however, provides no such authority in this case (and Mr. Anderson fails to cite any authority that supports using § 2255 as he suggests). Section 2255 outlines the process whereby a prisoner may "claim[] the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law." 28 U.S.C. § 2255. Mr. Anderson alleges no such flaws in his sentence. He does not suggest his sentence was improper; he merely requests that the district court take another look at his situation. Therefore, § 2255 is inapplicable.

There is a specific statute permitting resentencing in the absence of error in the original sentence, however, Mr. Anderson does not discuss it in his motion. It states "[t]he court may not modify a term of imprisonment once it has been imposed" except in certain extremely limited circumstances. 18 U.S.C. § 3582(c). Mr. Anderson's request does not fall within any of the categories outlined by that

section as proper reasons for resentencing.

For the foregoing reasons, Mr. Anderson's appeal fails and the district court's decision is **AFFIRMED**.

**Entered for the Court**

**WADE BRORBY**
United States Circuit Judge