**UNITED STATES of America,**

v.

**William Henry MYERS, Movant.**

**Civil Action No. 94–20013–01–EEO (98–3190–EEO).**

United States District Court,
D. Kansas.

Oct. 28, 1998.

William Henry Myers, MCFP–Springfield, Springfield, MO, pro se.

Valerie L. Peterson, Myers, Pottroff & Ball, Manhattan, KS, for William Henry Myers.

Kim M. Berger, Office of United States Attorney, Kansas City, KS, for U.S.

---

## MEMORANDUM AND ORDER

EARL E. O'CONNOR, Judge.

This matter is before the court on the motion of William Henry Myers to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (Doc. # 91). The government has responded, and the defendant has filed a reply. Having reviewed all materials filed, together with pertinent portions of the record, the court makes the following findings and order.

### I. *Factual Background.*

In Case No. 94–20013–01, defendant entered a conditional plea of guilty to Count I, possession with intent to distribute marijuana, in violation of 21 U.S.C. § 841(a)(1). In Case No. 94–20076–01, defendant entered a plea of guilty to Count I, failure to appear, in violation of 18 U.S.C. § 3146(a)(1). At the sentencing, the court declined to apply the "safety valve" provision, and sentenced the defendant to sixty months incarceration on the marijuana charge. The court also sentenced the defendant to one month incarceration on the failure to appear charge, with that sentence to run consecutively to the sentence on the marijuana charge. Defendant's conviction and sentence was affirmed in all respects on appeal, *see United States v. Myers,* 106 F.3d 936 (10th Cir.), *cert. denied,* —— U.S. ——, 117 S.Ct. 2446, 138 L.Ed.2d 205 (1997). Defendant now seeks to challenge his sentence by this motion brought under 28 U.S.C. § 2255. Defendant alleges that his attorney, Michael Harris, was ineffective for failing "to protect Mr. Myers' rights under the safety valve and acceptance of responsibility provisions." Defendant's Memorandum in Support of Motion to Vacate at 3. He seeks an evidentiary hearing.

### II. *Standards for Ineffective Assistance of Counsel Claims.*

In reviewing a section 2255 petition, we presume the proceedings leading to the conviction were correct. *Klein v. United States,* 880 F.2d 250, 253 (10th Cir.1989). To obtain relief, defendant must show a "complete miscarriage of justice." *Davis v. United States,* 417 U.S. 333, 346, 94 S.Ct. 2298, 41 L.Ed.2d 109 (1974).

The Tenth Circuit has enunciated the standards courts must employ in reviewing an ineffective assistance of counsel claim. Evaluating the effectiveness of counsel's assistance requires a two-part inquiry. *Williamson v. Ward,* 110 F.3d 1508, 1514 (10th Cir. 1997). "In order to prevail, the defendant must show both that counsel's representation fell below an objective standard of reasonableness, and that there exists a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different." *Id.* (quoting *Kimmelman v. Morrison,* 477 U.S. 365, 375, 106 S.Ct. 2574, 91 L.Ed.2d 305 (1986) (citing *Strickland v. Washington,* 466 U.S. 668, 694, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984))). A reasonable probability is "a probability sufficient to undermine confidence in the outcome." *Strickland,* 466 U.S. at 694, 104 S.Ct. 2052. A court need not determine whether counsel's performance was deficient before determining whether a defendant has established prejudice under the second prong. *United States v. Jones,* 852 F.2d 1275, 1277 (10th Cir.1988) (citing *Strickland,* 466 U.S. at 697, 104 S.Ct. 2052). "If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, ... that course should be followed." *United States v. Taylor,* 832 F.2d 1187, 1194–95 (10th Cir.1987).

### III. *Discussion.*

Defendant maintains that his counsel was ineffective, because "[the defendant] was never given the opportunity to provide the government with information concerning his marijuana growing operation," and "Mr. Har-

ris never told defendant that it was his responsibility to approach the government with any information he had which would help him qualify for the [safety valve] provision." Defendant's Memorandum in Support of Motion to Vacate at 3–4. Defendant, however, has failed to establish that his counsel's alleged errors were so prejudicial that, but for the errors, there is a reasonable probability the outcome of the sentencing would have been different. During the sentencing, the court stated that "the Court declines to sentence him under 3553(f)(1) through (5) because the tentative sentence that the Court proposes to give would be the same in either circumstance." Transcript of 3/4/96 Sentencing Hearing at 17. Additionally, the court observed, "whether or not the defendant should be considered to have met the criteria in 18 United States Code, Section 3553(f)(1) through (5) of the subsections there ... is not going to make any difference as to the Court's contemplated sentence that is going to be imposed." *Id.* It is thus clear from the record that the court would have sentenced the defendant to 60 months on the marijuana charge, even if the defendant had fully complied with the requirements of 18 U.S.C. § 3553(f)(1) through (5), the "safety valve" provision. Accordingly, in light of the court's statements, the defendant is unable to show that he was prejudiced by his counsel's alleged ineffective assistance.

For the above reasons, the court finds that defendant has failed to show that his counsel's performance was prejudicial. In light of this finding, we need not determine whether his counsel's performance was deficient. *See United States v. Jones,* 852 F.2d at 1277; *United States v. Taylor,* 832 F.2d at 1194–95.

The court concludes that the files and records in this case conclusively show that defendant is entitled to no relief. Therefore, an evidentiary hearing is not necessary. No hearing is required in a section 2255 proceeding if the factual matters raised by the motion may be resolved on the record before the district court. *See United States v. Marr,* 856 F.2d 1471, 1472 (10th Cir.1988).

IT IS THEREFORE ORDERED that defendant's motion to vacate, set aside, or correct his sentence (Doc. # 91) is denied. The clerk is directed to forward a copy of this

Memorandum and Order to defense counsel and the office of the United States Attorney.