**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**FEB 2 2001**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

MICHAEL EUGENE STUTSON,
a/k/a Mike Stutson, a/k/a Big Mike,

Defendant-Appellant.

No. 00-6031
(D.C. No. 99-CV-1262-W)
(W.D. Okla.)

---

**ORDER AND JUDGMENT** *

---

Before **BRORBY** , **KELLY** , and **LUCERO** , Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

---

* This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Defendant Michael Eugene Stutson appeals the district court's denial of his motion to vacate, set aside, or correct his sentence, brought pursuant to 28 U.S.C. § 2255. Because defendant has not made a substantial showing that the district court's procedural ruling was erroneous, we must dismiss this appeal.

In October 1993, defendant pled guilty to one count of conspiracy to distribute cocaine, and in February 1994, he was sentenced to 235 months' incarceration. His direct appeal was denied on August 15, 1995. On August 25, 1999, defendant filed this habeas motion which the district court denied as untimely. Defendant appeals, arguing that the statute of limitations should have been equitably tolled and that he was entitled to a hearing on the issue.

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), which substantially amended the process of applying for habeas relief. Under AEDPA, a prisoner must obtain a certificate of appealability as a prerequisite to appellate review, 28 U.S.C. § 2253(c)(2), by making a substantial showing of the denial of a constitutional right. Where, as here, the district court dismisses the habeas motion on a procedural ground, the prisoner must show both "that jurists of reason would find it debatable whether the district court was correct in its procedural ruling," and "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right." Slack v. McDaniel, 529 U.S. 473, 120 S. Ct. 1595, 1604

(2000).  Each of these steps is "part of a threshold inquiry" that must be satisfied before the court of appeals may hear the appeal.      Id.

We examine first whether defendant has made a substantial showing that the district court erred in dismissing his habeas motion as untimely.  AEDPA imposed a one-year limitation on a prisoner's right to apply for habeas relief, running from the date the prisoner's conviction became final.  In cases where a prisoner's conviction became final before AEDPA's enactment, the courts granted a one-year grace period, until April 24, 1997, within which such prisoners had to file their habeas petitions.      United States v. Simmonds   , 111 F.3d 737 (10th Cir. 1997).  Here, because defendant's conviction was final before the enactment of AEDPA, he had until April 24, 1997, to file his habeas motion.  Because he waited until August 25, 1999, to file his motion, it was untimely.

Defendant argues that he is entitled to equitable tolling, however, based on his attorney's failure to relinquish the court record or answer his letters.  In support, defendant presents copies of letters written to his trial attorney in July 1998 and August 1998, a letter written to the court in November 1998, and a sentencing transcript request in December 1998.  He also presents an affidavit stating that he did not receive some of the necessary material until August 1999, when his mother found some misplaced legal materials.

Although AEDPA's limitations periods are subject to equitable tolling, such relief is limited to "rare and exceptional circumstances." Gibson v. Klinger, 232 F.3d 799, 808 (10th Cir. 2000) (quotation omitted). The circumstances presented by defendant do not show the due diligence necessary to justify equitable tolling. See id. Defendant has not shown why he did not attempt to obtain his legal materials during the twenty-seven month period between the resolution of his direct appeal and his first letter to his former attorney, and he has not demonstrated that he filed his motion diligently after receiving the sentencing hearing transcript. He also does not explain why his mother's loss of his legal materials is anything other than excusable neglect, which does not justify equitable tolling. See id. Further, because defendant's evidence on its face showed he was not entitled equitable relief, the district court was not required to hold an evidentiary hearing. See United States v. Marr, 856 F.2d 1471, 1472 (10th Cir. 1988) (holding an evidentiary hearing is not required on a § 2255 motion when the record "conclusively shows the prisoner is entitled to no relief").

As defendant has not made a substantial showing that the district court erred in its procedural ruling, we need not examine whether his underlying issues raise substantial constitutional questions. Slack, 120 S. Ct. at 1604 (encouraging appellate court to resolve procedural question first). Defendant's motion for a certificate of appealability is DENIED, and the appeal is DISMISSED.

-4-

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge