FILED
United States Court of Appeals
Tenth Circuit

November 8, 2013

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

MARC PIERRE HALL,

          Petitioner - Appellant,

v.

WARDEN C. DANIELS,

          Respondent - Appellee.

No. 13-1287
(D.C. No. 1:13-CV-00773-LTB)
(D. Colo.)

**ORDER AND JUDGMENT**[*]

Before **TYMKOVICH**, **ANDERSON**, and **BACHARACH**, Circuit Judges.

Marc Pierre Hall was convicted in federal court on multiple charges,

including violating 18 U.S.C. § 844(i) by damaging property affecting interstate

commerce through fire or an explosive device. In a direct appeal, he denied the

applicability of 18 U.S.C. § 844(i) on the ground that the damaged property did

not affect interstate commerce. The Fourth Circuit Court of Appeals rejected the

_____

[*]    This order and judgment does not constitute precedent except under the
doctrines of law of the case, res judicata, and collateral estoppel. 10th Cir. R.
32.1(A).

     After examining the appellate record, this three-judge panel determined
unanimously that oral argument would not be of material assistance in the determination
of this appeal. *See* Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument.

argument. After three unsuccessful rounds of habeas proceedings, Mr. Hall filed a fourth habeas petition and the district court dismissed the action without considering the merits. Mr. Hall appeals, arguing that he was entitled to an evidentiary hearing and that the district court should have considered the claim on the merits. With this appeal, Mr. Hall moves for leave to proceed in forma pauperis. We affirm the dismissal, but grant Mr. Hall's motion for leave to proceed in forma pauperis.

## Mr. Hall's Repeated Arguments Based on *Jones*

Mr. Hall relies on *Jones v. United States*, 529 U.S. 848 (2000). There, the Supreme Court held that § 844(i) does not apply when the damaged property consisted of a private residence that was not being used at the time for any commercial purpose. Trying to capitalize on this decision, Mr. Hall tried various procedural maneuvers to renew the argument he had made and lost in his direct appeal. Each maneuver proved unsuccessful.

## The District Court's Discretion to Decline Consideration on the Merits

Under 28 U.S.C. § 2244(a), a federal district court ordinarily can decline to consider a habeas application if another federal court has already rejected a habeas petition on the same conviction. 28 U.S.C. § 2244(a) (2006). An exception exists when the remedy under 28 U.S.C. § 2255 is inadequate or ineffective to test the legality of the conviction. 28 U.S.C. § 2244(a) (2006); *see* 28 U.S.C. § 2255(e) (2006).

2

Because other habeas petitions had been denied for the same conviction, the district court invoked 28 U.S.C. § 2244(a) and declined to entertain the merits.[1] Challenging this ruling, Mr. Hall argues that the district court should not have dismissed the habeas claim because it has not ever been decided on the merits. We disagree.

The claim was decided on the merits as early as the initial appeal, for Mr. Hall argued there that the damaged property did not affect interstate commerce and the Fourth Circuit Court of Appeals rejected the argument. *United States v. Hall*, 129 F.3d 1261, No. 96-4365, 1997 WL 712885, at *2 (4th Cir. Nov. 17, 1997) (per curiam; unpublished). In rejecting the argument, the appeals court reasoned that Mr. Hall had used the residence as a commercial establishment by operating an illegal drug operation there: "We find that Hunter's use of his residence to store cocaine and use of the telephone from his home to conduct drug deals is sufficient to establish the required nexus under 18 U.S.C. § 844(i), and Hall's conviction was proper on this count." *Id*.

Unsuccessful on direct appeal, Mr. Hall twice moved unsuccessfully for relief under 28 U.S.C. § 2255. *Hall v. United States*, No. CRIM.3:95CR05-01, Civ.A. 3:99CV61-4-P, 2001 WL 34563141 (W.D.N.C. Oct. 10, 2001) (unpublished), *appeal dismissed*, 26 F. App'x 357 (4th Cir. 2002) (per curiam;

---

[1] The district court also ruled that Mr. Hall needed to proceed under § 2255 and could not pursue a habeas action under § 2241. We need not address this part of the ruling.

3

unpublished), *cert. denied*, 537 U.S. 894 (2002); *Hall v. United States*, No. 05-cv-00425 (W.D.N.C. Oct. 6, 2005) (unpublished), *appeal dismissed*, No. 05-7793 (4th Cir. Mar. 14, 2006) (per curiam; unpublished).

He then sought habeas relief three times, arguing each time that *Jones* had removed the criminal taint on his alleged conduct; each time, the court rejected the argument.  *Hall v. Bledsoe*, Civ. No. 06-257-GPM, 2006 WL 2631985, at *3 (S.D. Ill. Sept. 13, 2006) (unpublished); *Hall v. Norwood*, No. CV 08–5741–AG (RNB), 2008 WL 4346678 (C.D. Cal. Sept. 17, 2008) (unpublished); *Hall v. Williamson*, Civ. No. 4:CV-06-2456, 2007 WL 1455875, at *3 (M.D. Pa. May 15, 2007) (unpublished), *aff'd*, No. 07-2533, 2007 WL 2900557 (3d Cir. Oct. 4, 2007) (per curiam; unpublished).

With these rulings, the district court could justifiably decline to revisit Mr. Hall's *Jones* claim.  He raised the same legal theory on direct appeal, and the Fourth Circuit Court of Appeals denied relief on the merits.

The Fourth Circuit's decision did predate *Jones*.  But, the sequence does not matter here.  Regardless of the timing of *Jones*, the district court could decline to consider the merits because three other federal courts had already determined "the legality of [the] detention" in prior habeas proceedings.  28 U.S.C. § 2244(a) (2006).  These rulings would ordinarily allow the district court to decline consideration of Mr. Hall's fourth habeas petition raising *Jones.*

4

Section 2244(a) provides a limited exception, which applies when the remedy under 28 U.S.C. § 2255 is inadequate or ineffective. 28 U.S.C. § 2244(a) (2006); *see* 28 U.S.C. § 2255(e) (2006). For the sake of argument, we can assume that § 2255 is inadequate or ineffective as a remedy. But, this assumption would only entitle Mr. Hall to file a habeas petition under § 2241, and he has already done that.

And in response to Mr. Hall's first habeas action after the Supreme Court's decision in *Jones*, the Southern District of Illinois considered Mr. Hall's legal theory and concluded that it was "clearly without merit." *Hall v. Bledsoe*, Civ. No. 06-257-GPM, 2006 WL 2631985, at *3 (S.D. Ill. Sept. 13, 2006) (unpublished). As a result, the court dismissed the habeas petition "with prejudice." *Id*. Based on that ruling "on the merits," the Third Circuit Court of Appeals held that Mr. Hall could not avoid § 2244(a) based on the issuance of *Jones* after his direct appeal. *Hall v. Williamson*, No. 07-2533, 2007 WL 2900557, at *4 (3d Cir. Oct. 4, 2007) (per curiam; unpublished).

We agree with the Third Circuit Court of Appeals. Mr. Hall has had an opportunity to obtain a decision on the merits on his underlying claim. He argued the point on direct appeal and lost, and the Fourth Circuit's rationale is not undermined by anything in *Jones*.

In *Jones*, the Supreme Court interpreted § 844(i) and concluded that it would not cover damage to property that was being used solely as a private

5

residence and "not for any commercial venture." *Jones v. United States*, 529 U.S. 848, 854, 856, 859 (2000). This holding was not contrary to the decision in Mr. Hall's direct appeal. There, the Fourth Circuit Court of Appeals rejected Mr. Hall's argument only because the home was being used for a commercial purpose: drug dealing.

We need not decide whether the Fourth Circuit was correct in its holding. *Cf. United States v. Rutland*, 705 F.3d 1238 (10th Cir. 2013) (holding that the robbery of an illegal drug-trafficking business satisfies the interstate-commerce requirement under the Hobbs Act). Instead, the sole issue is whether the district court had an obligation to consider the merits of Mr. Hall's habeas claim after three other district courts had determined the validity of the conviction in prior habeas proceedings. No such obligation existed, and the district court justifiably relied on § 2244(a) in declining to revisit the merits of Mr. Hall's habeas claim.

Necessity of an Evidentiary Hearing

Mr. Hall argues that this ruling was premature because he lacked an opportunity to participate in an evidentiary hearing. Though an evidentiary hearing might have been useful if the district court had considered the merits, it didn't do so here. And, Mr. Hall does not suggest how an evidentiary hearing would have helped him overcome the hurdle of § 2244(a). As a result, the district court acted within its discretion to rule without an evidentiary hearing. *See United States v. Marr*, 856 F.2d 1471, 1472 (10th Cir. 1988) ("We do not agree that an

6

evidentiary hearing is required where the district court finds the case record conclusively shows the prisoner is entitled to no relief.").

<u>Leave to Proceed in Forma Pauperis</u>

The filing fee is $455 and Mr. Hall has only $24.73 in his institutional account. Accordingly, we grant leave to proceed in forma pauperis. *See* Fed. R. App. P. 24(a)(5).[2]

<u>Disposition</u>

We affirm, but grant leave to proceed in forma pauperis.

Entered for the Court

Robert E. Bacharach
Circuit Judge

---

[2] The district court denied leave to proceed in forma pauperis, relying on 28 U.S.C. § 1915(a)(3). This statute provides: "An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." 28 U.S.C. § 1915(a)(3) (2006). But Federal Rule of Appellate Procedure 24(a)(5) "has trumped, at least for now, the effect of the conflicting statutory provision in § 1915(a)(3)." *Rolland v. Primesource Staffing, L.L.C.*, 497 F.3d 1077, 1079 (10th Cir. 2007).