FILED
United States Court of Appeals
Tenth Circuit

August 11, 2020

Christopher M. Wolpert
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

PAUL DWAYNE JONES,

    Defendant - Appellant.

No. 20-8014
(D.C. Nos. 1:19-CV-00018-SWS &
1:17-CR-00162-SWS-1)
(D. Wyo.)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]
_____

Before **BRISCOE**, **BALDOCK**, and **CARSON**, Circuit Judges.
_____

Defendant filed a Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 in the District of Utah alleging ineffective assistance of counsel. The district court denied the motion to vacate, finding "no merit in Defendant's claims of ineffective assistance of counsel." Because the record "conclusively show[ed] Defendant is not entitled to relief," the district court also denied an evidentiary hearing. Finally, because no reasonable jurist could disagree with the district court's resolution of Defendant's constitutional claim, the court denied Defendant a certificate of appealability. Now, Defendant requests a certificate of appealability from this Court. Exercising jurisdiction

---

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

under 28 U.S.C. § 2253(a), we deny Defendant a certificate of appealability and dismiss this appeal.

Where the district court rejects a defendant's constitutional claims on the merits, we will grant a certificate of appealability if the defendant makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see also Slack v. McDaniel*, 529 U.S. 473, 483 (2000). To do so, the defendant must show "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack*, 529 U.S. at 484.

Here, after carefully reviewing Defendant's request for a certificate of appealability, the district court's order denying the motion to vacate, and the record on appeal, we conclude no reasonable jurist would find the district court's assessment of the constitutional claim debatable or wrong. Defendant points to no specific error by the district court. Rather, he reiterates the claims he made below. First, he argues counsel's "failure to prevail on [the] suppression motion," and "failure to pursue a Frank's Hearing" amounted to ineffective assistance of counsel. Next, Defendant argues defense counsel was ineffective because she "fail[ed] to investigate and adequately advi[s]e him about a 'warrantless search' of his safe deposit box . . . before advising that he enter into a plea agreement." Finally, Defendant argues counsel was ineffective because she advised him to enter into a plea agreement before disclosing "exculpatory evidence" or completing a "proper investigation."

The district court thoroughly addressed each of these allegations before it denied Defendant's motion to vacate. Upon our independent review, we find no reversible error

2

in the district court's factual findings or legal conclusions. As a final matter, Defendant argues that the district court erred by denying him an evidentiary hearing. In its order denying the motion to vacate, however, the district court noted, "the existing record conclusively shows Defendant is not entitled to relief," and thus, "no evidentiary hearing is warranted." We discern no error in the court's analysis. Because the record conclusively shows Defendant is not entitled to relief, he is not entitled to an evidentiary hearing. *See United States v. Marr*, 856 F.2d 1471, 1472 (10th Cir. 1988) (holding no evidentiary hearing is required "where the district court finds the case record conclusively shows the prisoner is entitled to no relief.").

Accordingly, for substantially the same reasons set forth in the district court's order, we hold that no reasonable jurist would find the district court's assessment of the constitutional claim debatable or wrong. We thus DENY Defendant's request for a certificate of appealability and DISMISS this appeal.

Entered for the Court

Bobby R. Baldock
Circuit Judge

3