**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

**February 15, 2024**

**Christopher M. Wolpert**
**Clerk of Court**

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

GREG ALLEN HENKE,

    Defendant - Appellant.

No. 23-6078
(D.C. Nos. 5:23-CV-00121-HE &
5:21-CR-00137-HE-1)
(W.D. Okla.)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]
_____

Before **BACHARACH**, **KELLY**, and **LUCERO**, Circuit Judges.
_____

Greg Allen Henke, a federal prisoner proceeding pro se, seeks a certificate of appealability (COA) to appeal the district court's denial of his 28 U.S.C. § 2255 motion to vacate, set aside, or correct his sentence.[1] We deny the application for a COA and dismiss this matter.[2]

---

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1] We liberally construe Mr. Henke's pro se application for a COA. *See Hall v. Scott*, 292 F.3d 1264, 1266 (10th Cir. 2002).

[2] Our references to the record correspond with the number on the upper right-hand corner of the page.

## BACKGROUND

Mr. Henke was charged in a five-count indictment with: (1) attempted access with intent to view child pornography; (2) persuading or coercing a minor to engage in sexual activity; (3) knowingly possessing materials containing images of child pornography; (4) the use and attempted use of a minor, Jane Doe I, to engage in sexually explicit conduct for the purpose of producing a visual depiction of the sex act and then producing and transmitting the visual images; and (5) engaging in the same conduct charged in count four but with a different victim—Jane Doe 2.

Federal public defender William P. Earley was appointed as counsel to represent Mr. Henke. He served in that role from May 14, 2021, until his retirement on July 31, 2022, when he turned representation and the case file over to his fellow federal public defender J.P. Hill.

In November 2021, with Mr. Earley as counsel, Mr. Henke pled guilty to Counts 3 and 4 of the indictment pursuant to a plea agreement. But the Presentence Report (PSR) was not completed until after Mr. Earley retired, so it was Mr. Hill who filed objections and a sentencing memorandum. In December 2022, Mr. Henke was sentenced to 540 months in prison.

Mr. Henke timely filed his § 2255 motion in which he raised several claims of ineffective assistance of counsel against Mr. Earley. The district court examined and denied each claim on the merits and further determined that a hearing was unnecessary. In a subsequent order, the court denied a COA and Mr. Henke's motion to proceed on

2

appeal without prepayment of fees on the grounds that the appeal was not taken in good faith.

## CERTIFICATE OF APPEALABILITY

To appeal the denial of relief under § 2255, a prisoner must obtain a COA. *See* 28 U.S.C. § 2253(c)(1)(B) ("[U]nless a circuit justice or judge issues a [COA], an appeal may not be taken to the court of appeals from . . . the final order in a proceeding under section 2255."). "We may grant a COA only if the petitioner makes a 'substantial showing of the denial of a constitutional right.'" *Milton v. Miller*, 812 F.3d 1252, 1263 (10th Cir. 2016) (quoting 28 U.S.C. § 2253(c)(2)). "To obtain a COA after a district court has rejected a petitioner's constitutional claims on the merits, the 'petitioner must demonstrate that reasonable jurists would find the district court's assessment of the . . . constitutional claims debatable or wrong.'" *Id*. (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

## INEFFECTIVE ASSISTANCE OF COUNSEL

Federal law establishes the right to effective assistance of counsel. *See Strickland v. Washington*, 466 U.S. 668, 684, 686 (1984) (recognizing Sixth Amendment right to effective assistance of counsel). To prevail on a claim for ineffective assistance, Mr. Henke must show both that counsel's performance "fell below an objective standard of reasonableness" and that "the deficient performance prejudiced the defense." *Id*. at 687-88.

Under the first prong, Mr. Henke must demonstrate that the errors were so serious that "counsel was not functioning as the 'counsel' guaranteed . . . by the Sixth

Amendment." *Id*. at 687.  But "[c]ounsel's performance must be completely

unreasonable to be constitutionally ineffective, not merely wrong." *Wilson v. Sirmons*,

536 F.3d 1064, 1083, (10th Cir. 2008) (internal quotation marks omitted).  Thus,

"[j]udicial scrutiny of counsel's performance must be highly deferential." *Strickland*,

446 U.S. at 689.  There is "a strong presumption that counsel's conduct falls within the

wide range of reasonable professional assistance; that is, the defendant must overcome

the presumption that, under the circumstances, the challenged action might be considered

sound trial strategy." *Id*. (internal quotation marks omitted).

Under the second prong, Mr. Henke must "affirmatively prove prejudice." *Id*.

at 693.  "[M]ere speculation is not sufficient to satisfy [the petitioner's] burden." *Byrd v.*

*Workman*, 645 F.3d 1159, 1168 (10th Cir. 2011).

The prejudice standard differs depending on the nature of the claim.  For

Mr. Henke's claims, which are based on deficient performance before the guilty plea, he

"must show that there is a reasonable probability that, but for counsel's unprofessional

errors, the result of the proceeding would have been different.  A reasonable probability

is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S.

at 694.  "[T]here is no reason for a court deciding an ineffective assistance claim to

approach the inquiry in the same order or even to address both components of the inquiry

if the defendant makes an insufficient showing on one." *Id*. at 697.

4

## ANALYSIS

### *Counsel's Alleged Failure to Investigate Possible Defenses*

This claim of ineffective assistance is based on Mr. Henke's contention that Mr. Earley failed to press an argument that he was uncomfortable with unwanted physical advances by the victims and that both the victims and their guardians sensationalized the abuse. The district court found no ineffective assistance because this evidence did not provide a defense.

As to the first circumstance, the district court noted that the "intellectually disabled status [and youth] of the victims as undercutting [the] argument [that the victims initiated the physical contact] is, if not obviously correct, wholly within the range of reasonable professional judgment." R., vol. I at 109. *See United States v. Wells*, 843 F.3d 1251, 1255 (10th Cir. 2016) (holding that the victim's actions and state of mind are irrelevant because "a minor cannot consent to production of child pornography"). On the second point, the court found there was no evidence of sensational statements by the victims because neither victim had the ability to communicate based on their severe disabilities and there was no evidence that the guardians made any sensational comments at all. We deny a COA because reasonable jurists would not debate the court's resolution of this claim.

### *Counsel's Alleged Failure to Obtain a Psychological Evaluation*

This claim of ineffective assistance is based on Mr. Earley's alleged failure to obtain a psychological evaluation focusing on Mr. Henke's past childhood trauma. The district court determined that any past childhood abuse was not a defense to the charges.

More to the point, Mr. Henke fails to explain how such an evaluation would have led to a defense or changed his plea. Also, as the court noted, Mr. Earley obtained a report from forensic psychologist, which was considered as potential mitigation at sentencing. Because reasonable jurists would not debate the court's resolution of this claim, we deny a COA.

***Counsel's Alleged Failure to Provide the Case File to Successor Counsel***

According to Mr. Henke, Mr. Earley was ineffective because he failed to turn over the case file to successor counsel, Mr. Hill. But he never explains how this alleged failure would have led to a defense or affected his plea. Indeed, Mr. Henke cannot meet this burden given that he was represented by counsel who had the file when he pled guilty. Moreover, the district court determined any suggestion that Mr. Earley failed to turn over the case file to Mr. Hill was "frivolous" based on Mr. Earley's sworn statement that he gave all the materials to Mr. Hill, and they were both "Assistant Public Defenders in the same office." R., vol. I at 110.

We also reject Mr. Henke's argument that he was prejudiced at sentencing because Mr. Hill could not find every email that his wife sent to Mr. Earley. This does not mean that they were not included in the file; rather, it simply means Mr. Hill could not find them. More to the point, Mr. Henke admits in his application for a COA that his wife sent copies of the emails to Mr. Hill, who used at least one of them in his argument at the sentencing hearing. Reasonable jurists would not debate the court's resolution of this claim, and we therefore deny a COA.

6

### *Denial of an Evidentiary Hearing*

The district court found that an evidentiary hearing was unnecessary because Mr. Henke failed to "present any plausible basis for vacating the sentence based on ineffective assistance of counsel." R., vol. I at 111. To be sure, a prisoner is entitled to a hearing "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." § 2255(b). However, "an evidentiary hearing is [not] required where the district court finds the case record conclusively shows the prisoner is entitled to no relief." *United States v. Marr*, 856 F.2d 1471, 1472 (10th Cir. 1988). "We review the district court's refusal to hold an evidentiary hearing for an abuse of discretion." *United States v. Moya*, 676 F.3d 1211, 1214 (10th Cir. 2012) (internal quotation marks omitted). Because reasonable jurists would not dispute that the district court acted within its discretion in denying Mr. Henke a hearing, we deny a COA.

### *Alleged District Court Bias*

According to Mr. Henke, the district court was biased against him. In particular, he says that the court typecast him as a monster, pervert, and pedophile. But because Mr. Henke did not raise this argument in his habeas petition, "it is waived on appeal." *Owens v. Trammell*, 792 F.3d 1234, 1246 (10th Cir. 2015); *see Childers v. Crow*, 1 F.4th 792, 798 (10th Cir. 2021) ("Although [a] pro se petition before the district court is entitled to a liberal construction, we may not rewrite a petition to include claims that were never presented.").

**CONCLUSION**

We deny a COA and dismiss this matter.  We deny Mr. Henke's motion to proceed without prepayment of costs or fees because his request for a COA is legally and factually frivolous.  *See DeBardeleben v. Quinlan*, 937 F.2d 502, 505 (10th Cir. 1991) (requiring both an inability to pay and "the existence of a reasoned, nonfrivolous argument on the law and facts in support of the issues raised on appeal.").

Entered for the Court

Paul J. Kelly, Jr.
Circuit Judge