**Michael R. DAMERVILLE,
Petitioner–Appellant,**

v.

**UNITED STATES of America,
Respondent–Appellee.**

No. 98–1057.

United States Court of Appeals,
Seventh Circuit.

Submitted Oct. 13, 1999.

Decided Nov. 23, 1999.

Rehearing Denied Dec. 23, 1999.

---

**288**

Michael R. Damerville (submitted), Littleton, CO, Petitioner–Appellant Pro Se.

Peggy A. Lautenschlager (submitted), Office of the United States Attorney, Madison, WI, for Respondent–Appellee.

Before POSNER, Chief Judge, and RIPPLE and KANNE, Circuit Judges.

PER CURIAM.

Federal inmate Michael Damerville believes that a footnote in the Supreme Court's opinion in *United States v. La-Bonte*, 520 U.S. 751, 117 S.Ct. 1673, 137 L.Ed.2d 1001 (1997), stands for the proposition that a criminal defendant cannot be sentenced as a career offender under U.S.S.G. § 4B1.1 unless the government has complied with the procedural requirements of 21 U.S.C. § 851. We write today only to clarify why Damerville is wrong.

Damerville pleaded guilty to a one-count indictment charging that, while he was incarcerated in the Federal Correctional Institution at Oxford, Wisconsin, he conspired to distribute marijuana in violation of 21 U.S.C. §§ 846 and 841(a)(1). On the basis of two prior drug trafficking convictions, the probation office recommended and the district court imposed a "career offender" sentence under U.S.S.G. § 4B1.1. The application of § 4B1.1 increased Damerville's sentencing range from 10 to 16 months under the otherwise-applicable guidelines, to 77 to 96 months under the career offender guideline. Damerville objected to the proposed career offender status on the ground that his two previous convictions were related and therefore insufficient to warrant application of § 4B1.1. The district court rejected this argument, and Damerville abandoned it on direct appeal. He now attempts to collaterally challenge his career offender sentence through a motion under 28 U.S.C. § 2255. He argues that, because he was not given notice of the application of sec. 4B1.1 in the precise manner dictated by 21 U.S.C. § 851, he should not have been subject to the career offender sentence. In support of this argument, he points to language in footnote 1 of *LaBonte*, 520 U.S. at 754 n. 1, 117 S.Ct. 1673.

In *LaBonte*, the Supreme Court clarified the meaning of Congress's directive in 28 U.S.C. § 994(h) that the United States Sentencing Commission assure that three-time offenders are sentenced at or near the "maximum term authorized." The Commission attempted to implement this directive via § 4B1.1, but the language of the original version of the guideline did not specify whether applicable statutory sentence enhancements should be included

in defining the "maximum term authorized." In 1994, the Commission adopted Amendment 506 to § 4B1.1 to clarify that statutory enhancements should not be included. The Supreme Court held in *La-Bonte*, however, that Amendment 506 was inconsistent with § 994(h)'s directive and that "maximum term authorized" must be read to include all applicable statutory sentence enhancements. *Id.* at 753, 117 S.Ct. 1673.

In reaching this result, the Supreme Court observed that, as initially drafted, § 4B1.1 and its accompanying commentary had failed to specify "which 'maximum term' was to be used when federal law established a basic statutory maximum for persons convicted of a particular offense, but also provided an enhanced maximum penalty for career offenders convicted of that same offense." *Id.* at 754, 117 S.Ct. 1673. In a footnote to this passage, the Court commented:

> We note that imposition of an enhanced penalty is not automatic. Such a penalty may not be imposed unless the Government files an information notifying the defendant in advance of trial (or prior to acceptance of the plea) that it will rely on that defendant's prior convictions to seek a penalty enhancement. 21 U.S.C. § 851(a)(1). If the government does not file such notice, however, the lower sentencing range will be applied even though the defendant may otherwise be eligible for the increased penalty.

*Id.* at 754 n. 1, 117 S.Ct. 1673. Damerville argues that this footnote specifically extends the procedural requirements of § 851, which literally apply only to statutory recidivism enhancements for specified drug offenses under 21 U.S.C. § 841(b), to the application of the career offender guideline under § 4B1.1.

The procedures set forth in § 851, including the requirement that the government file an information specifying that it will seek an enhancement, are statutory requirements that attach only to sentence enhancements under § 841(b). The § 841(b) enhancements increase the statutory maximum penalties based on prior drug convictions, and in order for a guilty plea to be informed, the defendant must know what the maximum penalty is under the applicable statute. In contrast, an informed guilty plea does not require that the defendant know where the sentence will fall under the guidelines. *Compare United States v. Padilla*, 23 F.3d 1220, 1221–22 (7th Cir.1994) *with United States v. Knorr*, 942 F.2d 1217, 1220 (7th Cir.1991). Accordingly, we have reiterated on several occasions that defendants who, like Damerville, are subject to sentencing as career offenders under § 4B1.1 are not entitled to the same procedural protections as defendants subject to the § 841(b) penalty enhancements. *See, e.g., United States v. Jackson*, 121 F.3d 316, 319 (7th Cir.1997); *United States v. Robinson*, 14 F.3d 1200, 1206 (7th Cir.1994); *United States v. Price*, 988 F.2d 712, 722 (7th Cir.1993); *United States v. Koller*, 956 F.2d 1408, 1417 (7th Cir.1992). Almost every other circuit has considered the issue and likewise concluded that the filing of an enhancement information before entry of a guilty plea, while mandated by § 851 to trigger enhancement under § 841(b), is not a prerequisite when the government seeks career offender sentences under the guidelines. *See United States v. Foster*, 68 F.3d 86, 89 & n. 2 (4th Cir.1995) (collecting cases).

Damerville argues that footnote 1 of *LaBonte* overturns this entire line of precedent. But his interpretation of the footnote is flawed. He assumes that the footnote's statement that the notice requirements of § 851 must be met before imposition of an enhanced penalty pertains to the textual discussion of the career offender guideline. The proper reading of this text reveals, however, that the observations in the footnote in fact refer to the discussion of the statutory increased maximum penalty. The phrase "enhanced penalty" in footnote 1 also mirrors the phrase "enhanced maximum pen-

alty" in the second clause of the footnoted sentence. Thus, the footnote merely reiterates that an enhanced penalty under § 841(b) cannot be imposed without the procedural protections described in § 851. It does not contradict the precedents holding that the statutory requirements of § 851 do not apply to career offender sentences under U.S.S.G. § 4B1.1.

 To the extent that Damerville argues due process mandates the § 851 procedures, we disagree. Due process demands only that adequate procedures be employed in determining when to include prior convictions in increasing a sentence. Procedures satisfy the requirements of due process by providing the defendant with "reasonable notice and an opportunity to be heard regarding the possibility of an enhanced sentence for recidivism." *United States v. Belanger*, 970 F.2d 416, 418 (7th Cir.1992) (*citing Oyler v. Boles*, 368 U.S. 448, 452, 82 S.Ct. 501, 7 L.Ed.2d 446 (1962)). Although Federal Rule of Criminal Procedure 32 is not as specific as § 851, it furnishes adequate due process protections to defendants subject to § 4B1.1 by providing notice and an opportunity to be heard in the form of a presentence investigation report. *See Burns v. United States*, 501 U.S. 129, 133–34, 111 S.Ct. 2182, 115 L.Ed.2d 123 (1991). In Damerville's case, the probation officer recommended in the presentence investigation report that Damerville be sentenced as a career offender under § 4B1.1. Damerville's counsel responded with two pages of written objections, which he reiterated and defended at length at the sentencing hearing. At no time did counsel file a request for a continuance or in any way contest his ability to challenge the application of § 4B1.1. Thus, the requirements of due process, that Damerville receive notice and an opportunity to be heard, were met in this case.

AFFIRMED.