# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 04-1572

_____

United States of America,　　　　　*
　　　　　　　　　　　　　　　　　*
　　　　　　　　Appellee,　　　　　*
　　　　　　　　　　　　　　　　　*　　Appeal from the United States
　　　v.　　　　　　　　　　　　　*　　District Court for the Western
　　　　　　　　　　　　　　　　　*　　District of Missouri.
Michael R. Curiale, Jr., also known　*
as Mechanic Mike,　　　　　　　　*　　　　[PUBLISHED]
　　　　　　　　　　　　　　　　　*
　　　　　　　　Appellant.　　　　　*

_____

Submitted:　November 15, 2004
　　Filed:　November 23, 2004

_____

Before WOLLMAN, HEANEY, and FAGG, Circuit Judges.

_____

PER CURIAM.

The Government charged Michael R. Curiale with conspiracy to manufacture to methamphetamine. On the day of Curiale's guilty plea hearing, the Government filed an information under 21 U.S.C. § 851 notifying Curiale that the Government would show he had been convicted of selling a controlled substance in case number CR96-0075 on August 13, 1997 in Jackson County, Missouri. The information stated this showing would subject Curiale to an enhanced statutory minimum of ten years in prison under 21 U.S.C. § 841(b). Later, before accepting Curiale's guilty plea, the

district court[*] informed Curiale that based on his earlier conviction, the range of punishment was enhanced to at least ten years in prison. Curiale acknowledged the minimum sentence. Government counsel also read from the written plea agreement that the parties agreed Curiale had an earlier conviction subjecting him to a statutory minimum sentence of imprisonment for ten years. Likewise, Curiale's presentence report (PSR) noted the statutory minimum sentence for Curiale's offense was ten years in prison.

The Government later learned that Curiale's earlier conviction was for possession rather than sale of illegal drugs. Although the conviction on the case number originally was for the sale of a controlled substance, the conviction was set aside more than a year later and replaced by a conviction under the same case number for possession of a controlled substance. After discovering the mistake, the Government amended the information to reflect that Curiale's earlier conviction in case number CR96-0075 on August 13, 1997, was for possession of a controlled substance, not sale of a controlled substance.

Curiale moved to quash the amended information, but did not ask to withdraw his guilty plea or challenge the validity of the earlier conviction. Finding the Government's notice of the earlier conviction was timely and the inaccuracy was simply a clerical error that could be corrected, the district court denied the motion and sentenced Curiale to imprisonment for ten years.

Curiale appeals arguing the district court should not have imposed the enhanced sentence under § 841(b) because the Government did not strictly comply with § 851(a). To obtain a sentencing enhancement based on a defendant's earlier conviction, the Government must comply with the notice requirements of 21 U.S.C.

---

[*]The Honorable Howard F. Sachs, United States District Judge for the Western District of Missouri.

§ 851(a). United States v. Stallings, 301 F.3d 919, 920 (8th Cir. 2002); Perez v. United States, 249 F.3d 1261, 1264 (11th Cir. 2001). According to § 851(a),

> No person who stands convicted of an offense under this part shall be sentenced to increased punishment by reason of one or more prior convictions, unless before trial, or before entry of a plea of guilty, the United States attorney files an information with the court (and serves a copy of such information on the person or counsel for the person) stating in writing the previous convictions to be relied upon. . . . Clerical mistakes in the information may be amended at any time prior to the pronouncement of sentence.

The statute aims to give the defendant notice to comply with due process. United States v. Weaver, 267 F.3d 231, 247 (3d Cir. 2001). The information must give the defendant reasonable notice of the Government's intent to rely on a particular conviction and a meaningful opportunity to be heard. Perez v. United States, 249 F.3d 1261, 1266 (11th Cir. 2001); United States v. King, 127 F.3d 483, 489 (6th Cir. 1997). An information complies with the requirements of § 851(a) even if it contains an error in its contents as long as the information serves to convey the Government's intent to seek an enhancement based on a particular earlier conviction. Perez, 249 F.3d at 1265. In applying the statute's requirements, courts are careful not to elevate form over substance. Weaver, 267 F.3d at 247; King, 127 F.3d at 489. Further, under the plain language of § 851(a), clerical mistakes in the information may be corrected by amendment before sentencing. The statute does not define the term "clerical error," but the Third Circuit has held an information's listing of an earlier crime as involuntary rather than voluntary manslaughter is a clerical mistake capable of correction under § 851(a)(1). Weaver, 267 F.3d at 248.

Here, the Government filed its information before Curiale's guilty plea notifying him that the Government intended to use his drug conviction from August 13, 1997 in case number CR96-0075. The information, plea negotiations, plea proceedings, and written plea agreement all put Curiale on notice that the Government intended to seek a sentencing enhancement. Thus, Curiale pleaded

-3-

guilty "with full knowledge of the consequences" of his guilty plea. Stallings, 301 F.3d at 920. More than six months before sentencing, the Government filed an amended notice correcting the offense of conviction from sale to possession of a controlled substance. The county of origin, date of conviction, and case number remained the same.

Under the circumstances, we agree with the district court that the Government's error in listing Curiale's earlier crime as being for sale rather than possession of illegal drugs was a clerical mistake capable of correction by amendment under § 851(a)(1). See Weaver, 267 F.3d at 248; see also Perez, 249 F.3d at 1267 (information's mistake on year of earlier conviction was clerical mistake that could be corrected by amendment under § 851(a)(1)); King, 127 F.3d at 489 (same). The Government complied with § 841(a)(1)'s requirements regarding the amendment of clerical mistakes.

We thus affirm Curiale's sentence.

_____