**UNPUBLISHED ORDER**
Not to be cited per Circuit Rule 53

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted September 13, 2005
Decided September 13, 2005

**Before**

Hon. FRANK H. EASTERBROOK, *Circuit Judge*

Hon. MICHAEL S. KANNE, *Circuit Judge*

Hon. ANN CLAIRE WILLIAMS, *Circuit Judge*

No. 05-1205

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee,* | Appeal from the United States District Court for the Western District of Wisconsin |
| *v.* | No. 04-CR-139-C-01 |
| DRAE BROADNAX, *Defendant-Appellant.* | Barbara B. Crabb, *Chief Judge.* |

**O R D E R**

Drae Broadnax pleaded guilty to possessing cocaine and cocaine base with intent to distribute, 21 U.S.C. § 841(a)(1), and to possessing several firearms despite a felony conviction, 18 U.S.C. § 922(g)(1). He was sentenced as a career offender under U.S.S.G. § 4B1.1 to a total of 180 months' imprisonment and four years' supervised release. Broadnax filed a notice of appeal, but his appointed lawyer seeks to withdraw because he can discern no nonfrivolous issues to argue. *See Anders v. California*, 386 U.S. 738 (1967). For his part, Broadnax accepted our invitation to respond to his lawyer's *Anders* brief, *see* Cir. R. 51(b), but posits no potential issues.

Limiting our review to possible arguments identified by counsel, *see United States v. Schuh*, 289 F.3d 968, 973–74 (7th Cir. 2002), we agree that there are no nonfrivolous issues to decide. Counsel first asserts that there are no conceivable issues relating to Broadnax's guilty plea. But he does not suggest that his client wants to withdraw that plea, so he need not have broached the subject. *See United States v. Knox*, 287 F.3d 667, 670–71 (7th Cir. 2002). Second, counsel maintains that Broadnax could not plausibly argue that the court erred by applying the guidelines as mandatory. *See United States v. Booker*, 125 S. Ct. 738 (2005). We agree that there is no possible argument here because the judge sentenced Broadnax after *Booker*, explaining that she was using the guidelines "for advisory purposes only" while considering the factors in 18 U.S.C. § 3553(a). This procedure was proper. *See United States v. Dean*, 414 F.3d 725, 728–30 (7th Cir. 2005); *United States v. George*, 403 F.3d 470, 472–73 (7th Cir. 2005). Finally, counsel considers whether Broadnax could have been sentenced as a career offender under U.S.S.G. § 4B1.1 even though he did not receive an information under 21 U.S.C. § 851 notifying him that the government intended to rely on prior convictions to increase his penalty. But the requirement that the government submit an information under § 851 does not apply when the defendant is sentenced under § 4B1.1; instead, it applies only when enhanced penalties are imposed under 21 U.S.C. § 841(b). *See United States v. Galati*, 230 F.3d 254, 263 (7th Cir. 2000); *Damerville v. United States*, 197 F.3d 287, 289 (7th Cir. 1999) (per curiam). Because Broadnax was sentenced under § 4B1.1 not § 841(b), the presentence report was sufficient notice. *See Galati*, 230 F.3d at 263.

We GRANT counsel's motion to withdraw and DISMISS Broadnax's appeal.