UNPUBLISHED ORDER
Not to be cited per Circuit Rule 53

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois  60604**

Submitted February 17, 2006
Decided February 22, 2006

**Before**

Hon. THOMAS E. FAIRCHILD, *Circuit Judge*

Hon. FRANK H. EASTERBROOK, *Circuit Judge*

Hon. TERENCE T. EVANS, *Circuit Judge*

No. 05-1644

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee,* | Appeal from the United States District Court for the Central District of Illinois |
| *v.* | No. 03-20089-001 |
| WILLIE STARK, *Defendant-Appellant.* | Michael P. McCuskey, *Judge.* |

**O R D E R**

Willie Stark sold crack cocaine to an informant and later pleaded guilty to distributing over five grams of the drug, 21 U.S.C. § 841(a)(1).  Stark had two prior state drug convictions, so his statutory sentencing range was ten years to life, *id.* § 841(b)(1)(B).  The district judge sentenced him under the guidelines as a career offender, U.S.S.G. 4B1.1(b), to 262 months' imprisonment and eight years' supervised release.  Stark's appointed counsel has filed a motion to withdraw under *Anders v. California*, 386 U.S. 738 (1967), for he cannot find a nonfrivolous issue for apeal.  Stark responded, *see* Cir. R. 51(b).  Counsel's brief is facially adequate, so we limit our review to the issues that he and Stark raise.  *See United States v. Schuh*, 289 F.3d 968, 973–74 (7th Cir. 2002).  We agree with counsel that any appeal would be frivolous.

Counsel first questions whether there are any potential issues regarding Stark's guilty plea.  *See* Fed. R. Civ. P. 11.  Stark does state in his Rule 51(b)

submission that he would like to withdraw his plea, so counsel's exploration of this issue is appropriate. *See United States v. Knox,* 287 F.3d 667, 671–72 (7th Cir. 2002). But since he did not move in the district court to withdraw the plea, our review would be for plain error. *United States v. Vonn,* 535 U.S. 55, 74 (2002). Counsel notes that the district court failed to advise Stark that he had a right to counsel, or that he faced a $100 special assessment. Any appellate argument on these points would be frivolous: Stark already had counsel, so that proviso was unnecessary, *United States v. Lovett,* 844 F.2d 487, 491 (7th Cir. 1988), and nothing suggests that Stark would not have pleaded guilty had the court advised him of the special assessment.

Stark contends in his Rule 51(b) submission that he could raise several arguments under 21 U.S.C. § 851, which provides certain safeguards to defendants when the government uses a prior conviction to enhance a statutory minimum sentence. He first posits that he was given insufficient notice that his statutory range would be increased to 10 years to life from 5–40 years, 21 U.S.C. § 841(b)(1)(B). But the government complied with § 851(a)(1), which requires it to file with the court (and serve on the defendant) an information describing the prior convictions "before entry of a plea of guilty." Here the government filed and served the information on the day of the plea hearing, before the hearing began, and this is sufficient. *See United States v. Curiale,* 390 F.3d 1075 (8th Cir. 2004) (filing information day of plea hearing satisfies § 851); *United States v. Ceballos,* 302 F.3d 679, 693 (7th Cir. 2002) (mailing information two days before trial commenced is sufficient); *United States v. Robinson,* 110 F.3d 1320, 1327–28 (8th Cir. 1997) (filing information minutes before beginning of jury selection satisfies § 851). Stark next contends that he would challenge the district court's failure to afford him an opportunity to deny that he had been previously convicted, *see* 21 U.S.C. § 851(b). But any such error would be harmless because Stark was well aware of the likely enhancement from the pre-sentence investigation report (PSR) and he never contended at sentencing—or even now for that matter—that he had not been convicted. *See United States v. Williams,* 298 F.3d 688, 692–93 (7th Cir. 2002). Stark would also argue that he was given insufficient notice that he would be sentenced under the guidelines as a career offender, but the guidelines do not require this sort of notice. Section 851 does not apply to the guidelines, so he received all the notice of his career offender status he was due in the form of the PSR. *Daimerville v. United States,* 197 F.3d 287, 289–90 (7th Cir. 1999).

Two issues remain. Counsel questions whether Stark could attack his sentence as unreasonable, but he was sentenced within the guideline range after *United States v. Booker,* 543 U.S. 220 (2005), and we see nothing that might rebut the presumption of reasonableness that such a sentence receives. *See United States v. Mykytiuk,* 415 F.3d 606, 608 (7th Cir. 2005). And, as we have frequently noted in *Anders* cases, collateral review is the more appropriate vehicle for Starks to argue

that his counsel rendered ineffective assistance. *Massaro v. United States*, 538 U.S. 500, 504–05 (2003); *United States v. Harris*, 394 F.3d 543, 557–59 (7th Cir. 2005).

MOTION GRANTED; APPEAL DISMISSED.