# United States Court of Appeals
### For the Eighth Circuit

_____

No. 13-1607

_____

Fernando Espinoza

*Petitioner - Appellant*

v.

United States of America

*Respondent - Appellee*

_____

Appeal from United States District Court
for the Northern District of Iowa - Sioux City

_____

Submitted: December 19, 2013
Filed: March 21, 2014

_____

Before MURPHY, BYE, and SMITH, Circuit Judges.

_____

BYE, Circuit Judge.

A federal jury found Fernando Espinoza guilty of conspiracy to distribute 500 grams or more of methamphetamine. Espinoza filed a petition for relief from his conviction and sentence under 28 U.S.C. § 2255 alleging a number of different grounds for relief, including the claim that trial counsel was ineffective in failing to

object to a sentencing enhancement under 21 U.S.C. § 851(a)(1). The district court[1] found no grounds for relief. Espinoza appeals the district court's ruling. We affirm.

I

Espinoza was indicted for conspiracy to distribute 500 grams or more of methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A). Moreover, the indictment charged that Espinoza had previously been convicted of a felony drug offense, thus doubling the mandatory minimum sentence under 21 U.S.C. § 851(a)(1).

At trial, Espinoza admitted to purchasing methamphetamine and the government put on evidence showing Espinoza was part of a conspiracy to distribute methamphetamine. Additionally, Espinoza stipulated to having a prior felony drug conviction from 1992, which provided the basis for the § 851 enhancement. Unnoticed by the attorneys or the court, the § 851 enhancement notice contained an error incorrectly listing the District of South Dakota as the district of conviction rather than the Northern District of Iowa where Espinoza's conviction actually occurred. Espinoza's attorney did not object to the § 851 enhancement nor did the government seek to amend the § 851 notice at any point.

The jury found Espinoza guilty on both subsections of the indictment. The district court sentenced Espinoza to the mandatory minimum of 240 months of imprisonment, based in part on a pre-sentence report (PSR), which correctly listed Espinoza's prior felony drug conviction as being from the Northern District of Iowa. Espinoza timely filed an appeal. This Court affirmed the conviction. United States v. Espinoza, 282 F. App'x 504 (8th Cir. 2008).

---

[1]The Honorable David E. O'Brien, United States District Judge for the Northern District of Iowa.

Espinoza filed a timely pro se motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255, alleging seventeen grounds for relief. The district court appointed counsel, who submitted a supplement to the § 2255 petition adding a claim that trial counsel was ineffective in failing to object to the allegedly improper § 851 enhancement.

After conducting evidentiary hearings, the district court entered an order dismissing all of Espinoza's claims. The district court granted a certificate of appealability on all claims.

II

Espinoza appeals the district court's denial of § 2255 relief. Espinoza argues trial counsel was ineffective in failing to object to the § 851 enhancement, which Espinoza argues was improper due to lack of proper notice.[2]

The Eighth Circuit reviews a district court's denial of a § 2255 petition de novo. Ortiz v. United States, 664 F.3d 1151, 1164 (8th Cir. 2011).

Title 21 U.S.C. § 851(a) requires the government to provide notice of the sentencing enhancement before trial, but also provides that "[c]lerical mistakes in the information may be amended at any time prior to the pronouncement of sentence."

---

[2]Espinoza, relying on United States v. Ramirez, 501 F.3d 1237, 1239 (11th Cir. 2007), also argues the allegedly inaccurate § 851 notice deprived the district court of jurisdiction to impose an enhanced sentence. However, this court has specifically held "the prosecution's noncompliance with § 851(a)(1) does not affect the court's jurisdiction." United States v. Mooring, 287 F.3d 725, 727 (8th Cir. 2002). "'Thus, the only question that legitimately arises from the prosecution's [failure to comply with § 851(a)(1)] concerns the court's authority to impose an enhanced sentence. This is simply not a question of subject-matter jurisdiction.'" Id. at 727-28 (quoting Prou v. United States, 199 F.3d 37, 45 (1st Cir. 1999)).

21 U.S.C. § 851(a)(1). Clerical mistakes are errors "where the government's initial information still gave the defendant reasonable notice of the government's intent to rely on a *particular* conviction." United States v. Higgins, 710 F.3d 839, 844 (8th Cir.) cert. denied, 134 S. Ct. 343 (2013) (internal quotation marks omitted); see also United States v. Sturdivant, 513 F.3d 795, 804 (8th Cir. 2008) ("Correcting the state [of conviction] is a clerical error . . . ."). The § 851 notice requirement is meant to provide a defendant with "notice of the prior conviction, the effect it would have on the maximum sentence, and an opportunity to dispute the conviction." United States v. Timley, 443 F.3d 615, 626 (8th Cir. 2006). Strict compliance with § 851 is not required, rather the indictment must only provide "reasonable notice of the Government's intent to rely on a particular conviction and a meaningful opportunity to be heard." United States v. Curiale, 390 F.3d 1075, 1076 (8th Cir. 2004). "In applying the statute's requirements, courts are careful not to elevate form over substance." Id. at 1077.

Espinoza now argues counsel was ineffective in failing to object to the deficient § 851 notice. It is undisputed Espinoza had only one prior drug felony and the indictment listed correctly the crime, the date of conviction, and the sovereign of conviction. The only error related to the federal district court in which Espinoza was convicted. We find that, much like a mistake as to state of conviction, Sturdivant, 513 F.3d at 804, the mistake as to the district in which the conviction occurred is a clerical error where the indictment "still gave the defendant reasonable notice of the government's intent to rely on a *particular* conviction." Higgins, 710 F.3d at 844. In fact, Espinoza stipulated to having a 1992 felony drug conviction, further showing Espinoza was on notice of the government's intent to rely on his sole felony drug conviction for purposes of the § 851 enhancement.

While the government failed to file the required superseding indictment to correct the clerical error, the PSR, as adopted by the district court at sentencing, correctly listed Espinoza's prior conviction, further putting Espinoza on notice. "The

-4-

error in the § 851 notice did not deprive [Espinoza] of notice about which conviction the government intended to use, the enhancement of his sentence for which they were asking, or an opportunity to dispute the conviction." Higgins, 710 F.3d at 844. Therefore, to find the § 851 notice was insufficient would be to improperly elevate the form of § 851 over its substance. Curiale, 390 F.3d at 1077.

Because the § 851 notice was adequate, Espinoza has failed to show his trial counsel was ineffective for failing to object to such notice. United States v. Kelly, 581 F.2d 152, 153 (8th Cir. 1978) ("Petitioner's remaining contention of ineffective assistance of counsel must fail, since there is no merit to the allegations of error upon which the contention is premised.").[3]

## III

The judgment of the district court is affirmed.

_____

_____

[3]We have examined all other issues raised by Espinoza but find no other claims merit discussion. Therefore, we affirm the district court on those issues without comment. See 8th Cir. R. 47B.