NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted November 12, 2014
Decided November 18, 2014

**Before**

DIANE P. WOOD, *Chief Judge*

JOEL M. FLAUM, *Circuit Judge*

JOHN DANIEL TINDER, *Circuit Judge*

No. 14-1569

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. |
| *v.* | No. 13 CR 156 |
| JOSE SILVA, *Defendant-Appellant*. | Samuel Der-Yeghiayan, *Judge*. |

**O R D E R**

After selling crack cocaine to an undercover officer, Jose Silva pleaded guilty to distributing crack cocaine, *see* 21 U.S.C. § 841(a)(1). The district court determined that Silva was a career offender, *see* 21 U.S.C. § 851(a); U.S.S.G. § 4B1.1(a), and sentenced him within the calculated guidelines range to 262 months' imprisonment. His appointed attorney has concluded that the appeal is frivolous and seeks to withdraw. *See Anders v. California*, 386 U.S. 738, 744 (1967). Silva has not accepted our invitation to respond to counsel's motion. *See* CIR. R. 51(b). Counsel has submitted a brief that explains the nature of the case and addresses the issues that an appeal of this kind might be expected to involve. Because counsel's analysis appears to be thorough, we limit our review to the

subjects that counsel has discussed. *See United States v. Bey*, 748 F.3d 774, 776 (7th Cir. 2014); *United States v. Wagner*, 103 F.3d 551, 553 (7th Cir. 1996).

Counsel informs us that Silva does not wish to challenge his guilty plea, so counsel properly forgoes discussing the voluntariness of the plea. *See United States v. Konczak*, 683 F.3d 348, 349 (7th Cir. 2012); *United States v. Knox*, 287 F.3d 667, 671 (7th Cir. 2002).

Counsel first considers whether Silva could challenge the district court's failure to comply with 21 U.S.C. § 851(b) at sentencing. When the government, as here, seeks a higher sentence based on a prior conviction, it must file an information with the district court and serve the defendant or defense counsel with a copy, 21 U.S.C. § 851(a), and the court in turn must secure the defendant's affirmation or denial of the previous conviction. 21 U.S.C. § 851(b). The court here, however, failed to conduct a § 851(b) colloquy at sentencing. But counsel properly concludes that any error resulting from this oversight would be harmless because Silva was notified in the § 851(a) information that the government intended to seek increased punishment based on his prior felony conviction, and he never disputed the fact of his prior conviction, either in the objections he filed to the information or to the presentence investigation report. *See United States v. Williams*, 298 F.3d 688, 692–93 (7th Cir. 2002).

Counsel also considers whether Silva could challenge his career-offender designation because the government's § 851(a) information specified only one rather than the two predicate convictions necessary to trigger the career-offender designation under the guidelines before he pleaded guilty. *See* § 4B1.1(a)(3). We agree with counsel that such a challenge would be frivolous. The government must give notice of prior convictions in advance of a guilty plea only when it seeks to increase a statutory penalty under 21 U.S.C. § 841(b), not when it seeks a career-offender designation under § 4B1.1. *United States v. Redmond*, 667 F.3d 863, 873–74 (7th Cir. 2012); *Damerville v. United States*, 197 F.3d 287, 289 (7th Cir. 1999).

Relatedly, counsel considers challenging the career-offender designation on the basis that one of his prior felony convictions—aggravated battery, 720 ILL. COMP. STAT. 5/12-3.05—was not a crime of violence. A crime of violence is an offense "punishable by imprisonment for a term exceeding one year, that . . . has as an element the use, attempted use, or threatened use of physical force against the person of another." *See* U.S.S.G. § 4B1.2(a)(1). Here, the district court determined that Silva had two qualifying convictions carrying sentences of a year or more. The first, aggravated fleeing, 625 ILL.

COMP. STAT. 5/11-204.1, readily qualifies. *See United States v. Womack*, 610 F.3d 427, 433 (7th Cir. 2010); *Welch v. United States*, 604 F.3d 408, 425 (7th Cir. 2010). The second, Silva's 2008 conviction in Lake County for aggravated battery, is a closer question. The record does not specify whether Silva was convicted under the section of the Illinois statute criminalizing battery that "causes bodily harm," 720 ILL. COMP. STAT. 5/12-3(a)(1), qualifying as a crime of violence—or battery that "makes physical contact of an insulting or provoking nature," 720 ILL. COMP. STAT. 5/12-3(a)(2), which does not qualify as a crime of violence. *United States v. Aviles-Solarzano*, 623 F.3d 470, 472 (7th Cir. 2010). But the presentence report states that Silva "stabbed a male victim…with a knife." Although a summary from a presentence report is not typically a judicial record that should be used to classify a defendant's prior crimes for purposes of federal sentencing, *Shepard v. United States*, 544 U.S. 13, 26 (2005); *Aviles-Solarzano*, 623 F.3d at 473, Silva never challenged the probation officer's characterization of this conviction as a crime of violence, nor did he object to the summary of the charge in the presentence report. Without any such objection, the judge—as counsel properly concludes—did not plainly err in relying on the summary and treating the conviction as a crime of violence. *Aviles-Solarzano*, 623 F.3d at 475–76.

Counsel also considers whether Silva could argue that the district court erred in failing to address two of his arguments in mitigation—one concerning the sentencing disparity between crack and powder cocaine, *see Kimbrough v. United States*, 552 U.S. 85, 110 (2007), and the other concerning conditions of his pretrial confinement at Kankakee County Jail. We agree with counsel that these arguments would be considered waived because trial counsel, in response to the judge's inquiry about whether any arguments remained unaddressed, responded that there were not. *United States v. Donelli*, 747 F.3d 936, 940–41 (7th Cir. 2014); *United States v. Garcia-Segura*, 717 F.3d 566, 569 (7th Cir. 2013); *United States v. Cunningham*, 429 F.3d 673, 679 (7th Cir. 2005).

Counsel next considers whether Silva could challenge his prison term as unreasonable, but properly concludes that such a challenge would be frivolous. The 262-month term is within his guidelines' range of 262 to 327 months and thus presumptively reasonable. *See Rita v. United States*, 551 U.S. 338, 347 (2007); *United States v. Fletcher*, 763 F.3d 711, 715 (7th Cir. 2014). Counsel has not identified anything in the record rebutting that presumption, nor can we. The court considered the relevant 18 U.S.C. § 3553(a) factors—including the nature and circumstances of the offense (especially his failure to turn his life around after previous convictions and the seriousness of drug crimes) and his history and characteristics (particularly his supportive family, his three children, his training to become a barber in prison, his

history of substance abuse, and his acceptance of responsibility), as well as the need to protect the community and promote respect for the law.

Finally counsel considers whether Silva could challenge the judge's imposition of certain supervised release conditions—participating in job-skills and drug-treatment programs, and completing community service if unemployed. But any such challenge would be frivolous: these non-mandatory conditions are consistent with the sentencing factors—the judge's concern with Silva's drug-abuse history and Silva's ability to provide for his family, *see United States v. Siegel*, 753 F.3d 705, 713 (7th Cir. 2014)—and there is no suggestion that Silva even wishes to challenge these conditions.

Counsel's motion to withdraw is GRANTED, and the appeal is DISMISSED.